JOHN FARR, ASSIGNEE OF WHITE MOUNTAIN BANK, *v.* JARED I. WILLIAMS & AL., ADM'RS OF ESTATE OF GEO. C. WILLIAMS.

Proceedings on an appeal by a creditor of an insolvent estate from the allowance of the claim of another creditor, (whose demand is much larger than the appellant's,) will be stayed to await the determination of an appeal taken by the administrators from the allowance of the claim of the appealing creditor.

APPEAL by Hezekiah Parsons from allowance of plaintiff's claim against said estate, entered in the Southern Judicial District of Coos.

It is admitted by the parties, that the commissioner on said Geo. C. Williams' estate, allowed to Hezekiah Parsons a claim against said estate for $500, from which allowance the administrators appealed to this court, which was duly entered here November Term, 1866, and by the act of the legislature dividing the county into two judicial districts, that appeal will be entered in the Northern Judicial District. After the appeal taken by the administrators aforesaid, from the allowance of said Parsons' claim, said Parsons made his petition, claiming to be a creditor of said George C. Williams' estate, and as such, took an appeal from the allowance by the commissioner of $46,500, to the said John Farr, as assignee of said White Mountain Bank. And now the said John Farr asks that this action be continued until the appeal of the administrators, as aforesaid, is decided, and the fact is established whether said Hezekiah Parsons is a creditor to said George C. Williams' estate, or otherwise.

Ordered, that the questions of law arising on this case, including all matters within the discretion of the court at the trial term, be reserved and assigned to the law term.

SMITH, J. The application for a stay of proceedings should be granted. Unless Parsons is a creditor, he has no right to appeal, Comp.

Stats. ch. 132, sec. 4; and the question whether he is a creditor, is not yet determined, an appeal having been taken by the administrators from the allowance of Parsons' claim; see *Mathes* v. *Bennett*, 21 N. H. 188.   One claimant ought not to be allowed to put another claimant, whose demand is ninety-three times as large as his own, to the trouble and expense of proving the latter demand, until the fact is established that the first claimant has an interest in the question whether the second claim is valid.